UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>v.<br><br>GARFIELD TAYLOR, INC., et al.,<br><br>                        Defendants. | Civil Action No. 11-cv-2054 (RLW) |

## **ORDER**

Upon consideration of the Parties' Proposed Scheduling Order (Dkt. No. 30), and the entire record, it is hereby **ORDERED** that this case shall proceed with the following deadlines:

| | |
|---|---|
| Deadline for amendment of pleadings or Joinder of parties: | May 23, 2012 |
| Close of Discovery: | September 7, 2012 |
| Post-Discovery Status Conference: | September 17, 2012 at 9:30 a.m. |
| Dispositive Motions deadline: | October 12, 2012 |
| Pre-trial Conference: | December 11, 2012 at 9:30 a.m. |
| Trial: | January 15, 2013 at 9:30 a.m. The Court believes that this case can be tried in no more than 4 days. Accordingly, the parties should be prepared to complete trial by January 18, 2013. |

**FURTHER ORDERED** that, before bringing a discovery dispute to the Court's attention, the parties will meet and confer in good faith to attempt to resolve the dispute informally. If, in what should be the rare case, the parties are unable to resolve the dispute, the parties are directed to contact the Courtroom Deputy to arrange for a telephone conference with the Court; it is further,

**ORDERED** that not later than **September 10, 2012**, the parties shall file a Joint Status Report, not longer than five pages in length, providing a succinct statement regarding each of the following:

(1) a summary of the case;

(2) a summary of all discovery taken thus far, and confirmation that discovery has been completed;

(3) whether either party anticipates filing dispositive motions; and

(4) whether the parties are amenable to mediation to potentially resolve the case and, if so, when the parties request to undertake mediation;

**IT IS FURTHER ORDERED** that a Pretrial Conference will be held at 9:30 a.m. on December 11, 2012, in the Courtroom of Judge Robert L. Wilkins.  Trial is hereby set to begin on January 15, 2013 at 9:30 a.m. in Courtroom 17.

At least **four weeks** in advance of the Pretrial Conference, the parties are required to meet and confer to begin preparing a Joint Pretrial Statement that must be submitted not less than **14 days** prior to the Pretrial Conference pursuant to Local Civil Rule 16.5(a) and (d)(5).  At the meeting, the parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions in limine.  Separate Pretrial Statements may be struck, *sua sponte*.  In accordance with Local Civil Rule 16.5(b), the Joint Pretrial Statement must include:

1. **Parties and Counsel:**  List names, addresses, and telephone numbers of all parties and counsel on whose behalf the Joint Pretrial Statement is filed.  In addition, provide the names of lead counsel who intend to try the case.

2. **Nature of the Case:**  Provide a brief joint statement describing the nature of the case, the identities of the parties, and the basis of the Court's jurisdiction.  The statement should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

3. **Claims and/or Defenses:**  Provide a statement setting forth, concisely, each claim a party has against any other party (including counter-, cross-, and third-party claims).  The statement of defenses shall set forth each defense raised by a party to a claim asserted against it.

4. **Undisputed Issues/ Stipulations:** List all issues not in dispute or facts to which the parties have stipulated.

5. **Witness Schedule:** List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses. The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination. Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness the party has not listed (except for impeachment purposes) in the Joint Pretrial Statement. The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but it does preclude the party from objecting to the presentation of such witness's testimony by another party. No listed witness will be precluded from testifying unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection is articulated. The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In absence of such an agreement, parties must comply with Fed. R. Civ. P. 32.

6. **Exhibit List:** List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable). No exhibit will be admitted at trial unless it is listed on the Joint Pretrial Statement. Each exhibit listed will be deemed authentic and potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection is articulated. Most objections to exhibits should be cured by discussion between the parties, and the parties should stipulate as to the admissibility of as many exhibits as possible. Objections not disclosed in the Joint Pretrial Statement, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown. **If there are objections to an exhibit listed in the Joint Pretrial Statement, the exhibit shall be produced at the Pretrial Conference for the court's review. Exhibits shall be submitted to the court in three ring binders with appropriate tabs.**

    a. **Examination by Opposing Party:** Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make exhibits available for inspection and copying by an opposing party.

    b. **Authentication of Exhibits:** Counsel requiring authentication of an opponent's exhibit must notify offering counsel in writing within ten (10) business days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

    c. **Marking:** Each party that anticipates offering more than five (5) exhibits as substantive evidence shall pre-mark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if a party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel <u>must</u> contact the courtroom deputy for the

     appropriate exhibit list form for use at trial.  The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

7. **Deposition Testimony**:   Identify each deposition or portion thereof, by page and line numbers, that the party intends to offer in evidence.  All cross-designations under Fed. R. Evid. 106 must be identified as well.  Designated or cross-designated deposition testimony will be deemed potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection is articulated.  Any objections to deposition testimony shall be accompanied by excerpts from the depositions including the testimony to which the objection relates.  Objections not disclosed in the Joint Pretrial Statement, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

8. **Demonstrative Evidence:**  Describe all demonstrative evidence to be used at trial.  Demonstrative evidence listed in the Joint Pretrial Statement will be deemed potentially admissible at trial unless an objection is made in the Joint Pretrial Statement and the basis and supporting authority for the objection is articulated.

9. **Relief Sought:**  Set forth separately each element of damages and monetary amount claimed (including prejudgment interest, punitive damages, and attorneys' fees).  Do not include amounts claimed for intangible damages.  Set forth all other types of relief sought against any party.

10. **Pending Motions:**  List all pending motions, including motions in limine, indicating title and filing date.

11. **Jury Cases:**  In jury cases, the parties also must submit:

    a. proposed voir dire questions that indicate
        i. the voir dire questions on which the parties agree; and
        ii. the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

    b. a list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:
        i. the instructions on which the parties agree;
        ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
        iii. the source of the proposed instructions (e.g., Standardized Civil jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority

    c. a proposed verdict form, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

**The proposed voir dire questions, proposed jury instructions, and proposed verdict form shall be filed electronically via ECF and be submitted in Microsoft Word or WordPerfect format**

via e-mail.  Counsel shall obtain the appropriate email address from the Courtroom Deputy.  Counsel are admonished NOT to use this e-mail address for ANY other purpose, unless directed to do so by the court.

- d. **Motions in Limine:**  Motions in limine shall be filed with the court not later than 21 days prior to the Pretrial Conference; oppositions thereto shall be filed not later than 14 days prior to the Pretrial Conference; and replies in support of motions in limine shall be filed not later than 7 days prior to the Pretrial Conference.  The court will not entertain late motions in limine unless there is a compelling explanation.  The court will not consider motions in limine that relitigate issues already resolved by the court.  All evidence that a party offers at trial under Fed. R. Evid. 404(b) must be disclosed to all other parties no later than 30 days prior to the deadline for filing motions in limine.

12. **Non-Jury Cases:**  In non-jury cases, the parties must submit detailed proposed findings of fact and conclusions of law with supporting authorities.

**The proposed findings of fact and conclusions of law shall be filed electronically via ECF and submitted in Microsoft Word or WordPerfect format via e-mail.  Counsel shall obtain the appropriate email address from the Courtroom Deputy.  Counsel are admonished NOT to use this e-mail address for ANY other purpose, unless directed to do so by the court.**

13. **Estimated Length of Trial:**  List number of days estimated for trial, and any scheduling problems with witnesses.

The parties must file the Joint Pretrial Statement electronically via ECF and submit to chambers a courtesy copy (both physical and electronic).  With regard to format, the Joint Pretrial Statement submitted to chambers shall be double-spaced, in 12-point Times Roman font, in Microsoft Word or WordPerfect format, with margins of no less than one (1) inch.  The physical courtesy copy shall be delivered to the Courtroom Deputy in a three ring binder with each section separated by labeled tab dividers, and the electronic copy shall be emailed as directed above in paragraph 11(c).

SO ORDERED.

Date: May 9, 2012

ROBERT L. WILKINS
United States District Judge