# EXHIBIT 6

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E. Washington, DC 2054<br><br>Plaintiff,<br><br>V.<br><br>GARFIELD TAYLOR, INCORPORATED<br>3408 Wisconsin Avenue, N.W., Suite 212<br>Washington, DC 20016;<br><br>GIBRALTAR ASSET MANAGEMENT GROUP, LLC<br>3408 Wisconsin Avenue, N.W., Suite 212<br>Washington, DC 20016;<br><br>GARFIELD M. TAYLOR<br>6111 Rosemont Circle<br>North Bethesda, MD 20852;<br><br>BENJAMIN C. Dalley<br>1328 Vermont Avenue, NW<br>Washington, DC 20005;<br><br>JEFFREY A. KING<br>14010 Town Farm Road<br>Upper Marlboro, MD 20774;<br><br>RANDOLPHM TAYLOR<br>326 Independence Avenue, Apt. 6<br>Washington, DC 20003;<br><br>MAURICE G. TAYLOR<br>16904 Federal Hill Court, Apt. C<br>Bowie, MD 20716;<br><br>WILLIAM B. MITCHELL<br>15 Cutter Cove Court<br>Middle River, MD 21220-7501,<br><br>Defendants,<br><br>And, | Case No: 1:11-CV-02054 RLW |

**RECEIVED**
APR 13 2012
Clerk, U.S. District and
Bankruptcy Courts

1

| | |
|---|---|
| THE KING GROUP, LLC <br> 14010 Town Farm Road Upper <br> Marlboro, MD 20774; <br><br> MARKETING AND FINANCIAL <br> CONSULTANTS, INC. <br> 15 Cutter Cove Court <br> Middle River, MD 21220-7501; <br><br> and <br><br> REVERB ENTERPRISES, LLC <br> 4201 Massachusetts Avenue, N.W. <br> Washington, DC 20016, <br><br>     Relief Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## RANDOLPH M TAYLOR'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Randolph Taylor, R Taylor ("R Taylor"), pro se, respectfully files his Answer to the Plaintiff's Complaint in the above-styled action (the "Complaint"), as follows:

## SUMMARY

(1) R Taylor denies the allegations in Paragraph 1 of the Complaint that relate to R Taylor. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the complaint.

(2) R Taylor denies the allegations in Paragraph 2 of the Complaint that relate to R Taylor. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the complaint.

(3) R Taylor denies the allegations in Paragraph 3 of the Complaint that relate to R Taylor. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the complaint.

(4) R Taylor denies the allegations in Paragraph 4 of the Complaint that relate to R Taylor. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the complaint.

(5) Paragraph 5 contains legal conclusions, and does not require a response from R Taylor.

a. R Taylor denies the allegations in Paragraph (5)(a) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(a) of the complaint.

b. R Taylor denies the allegations in Paragraph (5)(b) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(b) of the complaint.

c. R Taylor denies the allegations in Paragraph (5)(c) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(c) of the complaint.

d. R Taylor denies the allegations in Paragraph (5)(d) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(d) of the complaint.

e. R Taylor denies the allegations in Paragraph (5)(e) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(e) of the complaint.

f. R Taylor denies the allegations in Paragraph (5)(f) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(f) of the complaint.

g. R Taylor denies the allegations in Paragraph (5)(g) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(g) of the complaint.

h. R Taylor denies the allegations in Paragraph (5)(h) that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph (5)(h) of the complaint.

(6) R Taylor denies the allegations in Paragraph 6 that relate to R Taylor. R Taylor specifically denies that any gains received through his employment with GAM were ill-gotten. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 6.

## **DEFENDENTS**

(7) The allegations in Paragraph 7 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 7 that relate to R Taylor. R Taylor acknowledges that Garfield Taylor, Incorporated ("GTI") is a Maryland corporation with its principal office in Washington, D.C. It is wholly owned and controlled by Garfield Taylor. R Taylor lacks the knowledge or information to

adequately form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the complaint.

(8) The allegations in Paragraph 8 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 8 that relate to R Taylor. R Taylor acknowledges that Gibraltar Asset Management Group, LLC ("GAM") is a Virginia limited liability company with its principal office in Washington, D.C. GAM was founded in May 2008 by Garfield Taylor, Benjamin Dalley, King, Maurice Taylor and Randolph Taylor. R Taylor denies the statement that GAM was in the "business of investing in Covered Call Options".

(9) The allegations in Paragraph 9 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 9 that relate to R Taylor. R Taylor acknowledges that Garfield M. Taylor is a resident of North Bethesda, Maryland. He is the founder, Chief Executive Officer ("CEO"), and sole owner of GTI and is the Chairman, CEO, and the controlling member of GAM.

(10) The allegations in Paragraph 10 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 10 that relate to R Taylor. R Taylor acknowledges that Jeffrey A. King is a resident of Upper Marlboro, Maryland. In late 2007, King was an independent contractor for GTI. King later was a founding member of GAM, and served as the company's President and Chief Operating Officer prior to his resignation from the company in February 2009. King formerly held a 15% ownership interest in GAM, which was redeemed upon his resignation. To the best of R Taylor's knowledge, King is the sole owner of Relief Defendant The King Group, LLC.

(11) The allegations in Paragraph 11 include legal conclusions that require no response. If a response is required, R Taylor acknowledges that Benjamin C. Dalley is a resident of Washington, D.C. Dalley is a founding member of GAM and was the company's Vice President for Operations prior to his resignation in or about August 2009. Dalley held a 5% ownership interest in GAM. Dalley is a co-owner of Relief Defendant Reverb Enterprises, LLC.

(12) The allegation in Paragraph 12 includes legal conclusions that require no response. If a response is required, R Taylor acknowledges that he is a resident of Washington, D.C. He is Garfield Taylor's nephew. He is also Dalley's childhood friend and business partner. Randolph Taylor is a founding member of GAM and was Vice President for Organizational Development prior to his resignation in or about August 2009. He held a 5% ownership interest in GAM prior to his resignation in or about August 2009. He is a co-owner of Relief Defendant Reverb Enterprises, LLC.

(13) The allegation in Paragraph 13 includes legal conclusions that require no response. If a response is required, R Taylor acknowledges that Maurice G. Taylor is a resident of Bowie, Maryland. Maurice Taylor is Garfield Taylor's brother, R Taylor's uncle, and is married to King's sister. Maurice Taylor is the Chief Investment Officer for GAM, and

holds a 10% ownership interest ill GAM. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the complaint.

(14) The allegations in Paragraph 14 include legal conclusions that require no response. If a response is required, R Taylor acknowledges that William B. Mitchell worked for GAM as Executive Vice President of Strategic Planning. In February 2009, he replaced King as President of GAM. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the complaint.

## RELIEF DEFENDANTS

(15) The allegations in Paragraph 15 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 15 that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the complaint.

(16) The allegations in Paragraph 16 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 15 that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the complaint.

(17) The allegations in Paragraph 17 include legal conclusions that require no response. If a response is required, R Taylor admits that Reverb Enterprises, LLC ("Reverb"), is a District of Columbia limited liability company with its principal office in Washington, D.C.; and, Reverb is jointly owned by R Taylor and Benjamin Dalley. R Taylor admits that Reverb entered into a Loan Agreement with GAM, and that the loan was assumed by Garfield Taylor. R Taylor denies the remaining allegations in Paragraph 17. R Taylor lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the complaint.

## JUSIDICTION

(18) The allegations in Paragraph 18 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 18 that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the complaint.

(19) The allegations in Paragraph 19 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 19 that relate to R Taylor, and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the complaint.

## FACTS

(20) R Taylor denies the allegations in Paragraph 20 that relate to R Taylor. R Taylor acknowledges that Garfield Taylor was CEO and sole shareholder in GTI. R Taylor and lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the complaint.

(21) R Taylor denies the allegations in Paragraph 21 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the complaint.

### A. GTI's Unregistered Securities Offering and Solicitation of Investors

(22) R Taylor denies the allegations in Paragraph 22 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the complaint.

(23) The allegations in Paragraph 23 include legal conclusions that require no response. If a response is required, R Taylor denies the allegations in Paragraph 23 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the complaint.

(24) R Taylor denies the allegations in Paragraph 24 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the complaint.

(25) R Taylor denies the allegations in Paragraph 25 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the complaint.

(26) R Taylor denies the allegations in Paragraph 26 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the complaint.

(27) R Taylor denies the allegations in Paragraph 27 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the complaint.

(28) R Taylor denies the allegations in Paragraph 28 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the complaint.

(29) R Taylor denies the allegations in Paragraph 29 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the complaint.

### B. GTI and Garfield Taylor Lured Investors with Material Misrepresentations

(30) R Taylor denies the allegations in Paragraph 30 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the complaint.

(31) R Taylor denies the allegations in Paragraph 31 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the complaint.

(32) R Taylor denies the allegations in Paragraph 32 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the complaint.

(33) R Taylor denies the allegations in Paragraph 33 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the complaint.

(34) R Taylor denies the allegations in Paragraph 34 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the complaint.

(35) R Taylor denies the allegations in Paragraph 35 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the complaint.

(36) R Taylor denies the allegations in Paragraph 36 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the complaint.

(37) R Taylor denies the allegations in Paragraph 37 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the complaint.

(38) R Taylor denies the allegations in Paragraph 38 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the complaint.

(39) R Taylor denies the allegations in Paragraph 39 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the complaint.

(40) R Taylor denies the allegations in Paragraph 40 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the complaint.

**II. Gibraltar Asset Management Group, LLC**

(41) R Taylor denies the remaining allegations in Paragraph 41 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the complaint.

(42) R Taylor acknowledges that GAM was created with the intent to offer a Private Placement Memorandum that would focus on covered the call action strategy developed by Garfield Taylor. R Taylor admits that GAM was established as a distinct company from GTI. R Taylor denies the remaining allegations in Paragraph 41 that relate to R Taylor, and lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the complaint.

(43) R Taylor denies the allegations in Paragraph 43 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the complaint.

### A. GAMS's Unregistered Securities Offering and Solicitation of Investors

(44) R Taylor denies the allegations in Paragraph 44 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the complaint.

(45) R Taylor denies the allegations in Paragraph 45 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the complaint.

(46) R Taylor denies the allegations in Paragraph 46 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the complaint.

(47) R Taylor admits that he communicated with individuals regarding the GAM PPM offering. R Taylor denies the remaining allegations in Paragraph 47 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the complaint.

(48) R Taylor admits that the members of GAM created informational material regarding GAM. R Taylor denies the remaining allegations in Paragraph 48 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the complaint.

(49) R Taylor admits that he conducted research on covered call strategies. R Taylor denies the remaining allegations in Paragraph 50 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the complaint.

(50) R Taylor admits that he attended meetings with potential clients at which Garfield Taylor presented at least one version of the GAM PowerPoint. R Taylor admits attending meetings in June 2008 with a Children's charity in Washington, DC and a Baptist Church in Maryland. R Taylor denies the remaining allegations in Paragraph 50 that relate to R Taylor, and R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the complaint.

(51) R Taylor denies the allegations in Paragraph 51 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the complaint.

**B. Material Misrepresentation to Investors**

(52) R Taylor denies the allegations in Paragraph 52 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 52 of the complaint.

(53) R Taylor admits the allegations in Paragraph 53 that relate to GAM's "Frequently Asked Questions" that relate to GAM's proprietary Covered Call Strategy. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the complaint.

(54) R Taylor denies the allegations in Paragraph 54 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the complaint.

(55) R Taylor denies the allegations in Paragraph 55 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the complaint.

(56) R Taylor denies the allegations in Paragraph 56 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the complaint.

(57) R Taylor denies the allegations in Paragraph 57 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the complaint.

(58) R Taylor denies the allegations in Paragraph 58 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the complaint.

(59) R Taylor denies the allegations in Paragraph 59 that relate to R Taylor R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 59 of the complaint.

(60) R Taylor denies the allegations in Paragraph 60 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 60 of the complaint.

(61) R Taylor denies the allegations in Paragraph 61 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the complaint.

(62) R Taylor denies the allegations in Paragraph 62 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 62 of the complaint.

(63) R Taylor denies that these statement were believed to be false, and denies the allegations in Paragraph 63 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 63 of the complaint.

(64) R Taylor denies the allegations in Paragraph 64 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 64 of the complaint.

(65) R Taylor denies the allegations in Paragraph 65 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 65 of the complaint.

(66) R Taylor denies the allegations in Paragraph 66 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the complaint.

**C. Garfield Taylor Made Additional Materially False Statements to Investors**

(67) R Taylor denies the allegations in Paragraph 67 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the complaint.

(68) R Taylor denies the allegations in Paragraph 68 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the complaint.

**D. Garfield Taylor Provided a Potential Investor with a Fake Letter of Recommendation**

(69) R Taylor denies the allegations in Paragraph 69 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the complaint.

(70) R Taylor denies the allegations in Paragraph 70 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the complaint.

(71) R Taylor denies the allegations in Paragraph 71 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the complaint.

(72) R Taylor denies the allegations in Paragraph 72 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the complaint.

(73) R Taylor denies the allegations in Paragraph 73 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 73 of the complaint.

(74) R Taylor denies the allegations in Paragraph 74 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 74 of the complaint.

**E. Benjamin Dalley Made Materially Misleading Statements to Investors**

(75) R Taylor admits that Benjamin Dalley communicated with individuals during his term of employment with GAM and was directed to do so and provided the information in those communications by his superiors. R Taylor denies the remaining allegations in Paragraph 75 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 75 of the complaint.

(76) R Taylor lacks the knowledge to accept or deny the allegations in Paragraph 76 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 76 of the complaint.

(77) R Taylor lacks the knowledge to accept or deny the allegations in Paragraph 77 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the complaint.

(78) R Taylor lacks the knowledge to accept or deny that Benjamin Dalley sent an email on July 6, 2009. R Taylor denies the remaining allegations in Paragraph 78 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the complaint.

**III. Trading in Other People's Brokerage Accounts**

(79) R Taylor denies the allegations in Paragraph 79 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the complaint.

(80) R Taylor denies the allegations in Paragraph 80 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 80 of the complaint.

(81) R Taylor denies the allegations in Paragraph 81 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the complaint.

**IV. Garfield Taylor Misappropriated Investor Funds**

(82) R Taylor denies the allegations in Paragraph 82 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the complaint.

(83) R Taylor denies the allegations in Paragraph 83 that relate to R Taylor. R Taylor denies the allegation that Reverb Enterprises, LLC received investor funds. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the complaint.

**V. GTI and GAM Operated as a Joint Ponzi Scheme.**

(84) R Taylor denies the allegations in Paragraph 84 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the complaint.

(85) R Taylor denies the allegations in Paragraph 85 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the complaint.

(86) R Taylor denies the allegations in Paragraph 86 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the complaint.

(87) R Taylor denies the allegations in Paragraph 87 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the complaint.

(88) R Taylor denies the allegations in Paragraph 88 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the complaint.

(89) R Taylor denies the allegations in Paragraph 89 that relate to R Taylor. R Taylor lacks the knowledge or information to adequately form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM
Section 17(a) of the Securities Act
(GTI, GAM, Garfield Taylor, Benjamin Dalley, King, Maurice Taylor and Randolph Taylor)

(90) Paragraph 90 makes a legal statement that does not require a response from R Taylor.

(91) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 90, and incorporates them into Paragraph 91 of the Complaint and incorporate the same herein by reference.

(92) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 91, and incorporates them into Paragraph 92 of the Complaint and incorporate the same herein by reference.

(93) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 92, and incorporates them into Paragraph 93 of the Complaint and incorporate the same herein by reference.

### THIRD CLAIM
Section 20(a) of the Exchange Act
(Garfield Taylor)

(94) Paragraph 98 makes a legal statement that does not require a response from R Taylor

(95) Paragraph 99 the Complaint asserts allegations against Garfield Taylor, and, therefore, do not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 98, and incorporates them into Paragraph 99 of the Complaint and incorporate the same herein by reference.

(96) Paragraph 100 the Complaint assert allegations against Garfield Taylor, and, therefore, do not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 99, and incorporates them into Paragraph 100 of the Complaint and incorporate the same herein by reference.

(97) Paragraph 101 the Complaint assert allegations against Garfield Taylor, and, therefore, do not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 100, and incorporates them into Paragraph 101 of the Complaint and incorporate the same herein by reference.

### FOURTH CLAIM
**Aiding and Abetting Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
(Garfield Taylor, Benjamin Dalley, King, and Randolph Taylor)

(98) Paragraph 102 makes a legal statement that does not require a response from R Taylor.

(99) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 102, and incorporates them into Paragraph 103 of the Complaint and incorporates the same herein by reference.

(100) Paragraph 104 the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 103, and incorporates them into Paragraph 104 of the Complaint and incorporates the same herein by reference.

(101) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 104, and incorporates them into Paragraph 105 of the Complaint and incorporates the same herein by reference.

(102) Paragraph 106 the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 105, and incorporates them into Paragraph 106 of the Complaint and incorporates the same herein by reference.

(103) R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 106, and incorporates them into Paragraph 107 of the Complaint and incorporate the same herein by reference.

### FIFTH CLAIM
**Sections 5(a) and 5(c) of the Securities Act**
(GTI, GAM and Garfield Taylor)

(104) Paragraph 108 makes a legal statement that does not require a response from R Taylor.

(105) Paragraph 106 of the Complaint assert allegations against GTI, GAM, and Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 108, and incorporates them into Paragraph 109 of the Complaint and incorporates the same herein by reference.

(106) Paragraph 110 the Complaint assert allegations against GTI, GAM, and Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 109, and incorporates them into Paragraph 110 of the Complaint and incorporates the same herein by reference.

(107) Paragraph 111 of the Complaint assert allegations against GTI, GAM, and Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 110, and incorporates them into Paragraph 111 of the Complaint and incorporates the same herein by reference.

### SIXTH CLAIM
### Section 15(a) of the Exchange Act
(Garfield Taylor, King and Mitchell)

(108) Paragraph 112 makes a legal statement that does not require a response from R Taylor.

(109) Paragraph 113 of the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 112, and incorporates them into Paragraph 113 of the Complaint and incorporates the same herein by reference.

(110) Paragraph 114 of the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 113, and incorporates them into Paragraph 114 of the Complaint and incorporates the same herein by reference.

(111) Paragraph 115 of the Complaint assert allegations against King and Mitchell, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 114, and incorporates them into Paragraph 115 of the Complaint and incorporates the same herein by reference.

(112) Paragraph 116 of the Complaint assert allegations against Garfield Taylor, King and Mitchell, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in

Paragraphs 1 through 115, and incorporates them into Paragraph 116 of the Complaint and incorporates the same herein by reference.

(113) Paragraph 117 of the Complaint assert allegations against Garfield Taylor, King and Mitchell, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 116, and incorporates them into Paragraph 117 of the Complaint and incorporates the same herein by reference.

## SEVENTH CLAIM
Sections 206(1), (2) and (4) of the Advisers Act and Rule 206(4)-8·
(Garfield Taylor)

(114) Paragraph 118 makes a legal statement that does not require a response from R Taylor.

(115) Paragraph 119 of the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 118, and incorporates them into Paragraph 119 of the Complaint and incorporates the same herein by reference.

(116) Paragraph 120 of the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 119, and incorporates them into Paragraph 120 of the Complaint and incorporates the same herein by reference.

(117) Paragraph 121 of the Complaint assert allegations against Garfield Taylor, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 120, and incorporates them into Paragraph 121 of the Complaint and incorporates the same herein by reference.

## EIGHTH CLAIM
**Disgorgement from Relief Defendants**
(Relief Defendants)

(118) Paragraph 122 makes a legal statement that does not require a response from R Taylor.

(119) Paragraph 123 of the Complaint assert allegations against the Relief Defendants, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 122, and incorporates them into Paragraph 123 of the Complaint and incorporates the same herein by reference.

(120) Paragraph 124 of the Complaint assert allegations against the Relief Defendents, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 123, and incorporates them into Paragraph 124 of the Complaint and incorporates the same herein by reference.

(121) Paragraph 125 of the Complaint assert allegations against the Relief Defendents, and, therefore, does not require a response from R Taylor. To the extent that a response is required, R Taylor repeats the above-stated responses to the allegations in Paragraphs 1 through 124, and incorporates them into Paragraph 125 of the Complaint and incorporates the same herein by reference.

### PRAYER FOR RELIEF

R Taylor states that the "Prayer for relief" Paragraph of the Complaint and its subparts A-K state a series of legal conclusions to which no response is required. To the extent that a response is required, R Taylor denies the allegations contained in the "Prayer for relief" paragraph of the Complaint.

April 12, 2012                                          Respectfully submitted,

                                                        *[signature]*
                                                        Randolph Taylor