**<u>DEFENDANT DALLEY'S PROPOSED JURY INSTRUCTIONS</u>**

**November 28, 2012**

1.    Nature of the Case

2.    Notetaking Permitted

3.    Juror Attentiveness

4.    Copy of Instructions

5.    Function of the Court

6.    Role of the Jury

7.    Juror Oath

8.    Significance of Party Designations

9.    Government Agency as a Party

10.   Multiple Defendants

11.   Verdict as to Defendant Only

12.   Consider Each Claim Separately

13.   Give Each Defendant Separate Consideration

14.   Publicity

15.   Publicity – Reminder

16.   Evidence Received in the Case – Stipulations, Judicial Notice and Inferences Permitted

17.   Jury to Disregard Court's View

18.   Jury's Recollection Controls

19.   Conduct of Counsel

20.   Counsel Cooperation

21.   Burden of Proof – Clear and Convincing Evidence

22.   What Is and Is Not Evidence

23.   "Direct" and "Circumstantial" Evidence – Defined

24.   "Inference" Defined

25.   Effect of Inferences on Burden of Proof – Inference Against Defendant Does Not Shift Burden of Proof

26.   Charts and Summaries (Admitted as Evidence)

27.   Charts and Summaries (Not Admitted as Evidence)

28.   Number of Witnesses and Uncontradicted Testimony

29.   Uncalled Witness Not Equally Available

30.   Uncalled Witness Equally Available

31.   Party's Failure To Produce Evidence

32.   Inference From Witness's Assertion of Privilege

33.   Requests for Admission

34.   Use of Interrogatories

35.   Depositions

36.   Credibility of Witnesses – Generally

37.   Bias

38.   Interest in Outcome

39.   Discrepancies in Testimony

40.   Impeachment—Inconsistent Statement or Conduct

41.   The Statutes at Issue in the Complaint

42.   Knowingly and Willfully

43.   First Claim – Essential Parts of Securities Fraud

44.   First Element – "Device, Scheme or Artifice to Defraud"

45.   First Element – "Fraud or Deceit Upon Any Person"

46.   First Element – Materiality

47.    Second Element – "In Connection with the Purchase or Sale of Any Security"

48.    Third Element – "The Use of Any Means or Instrumentality of Interstate Commerce or of the Mails, or of Any National Securities Exchange"

49.    Fourth Element—Proximate Cause

50.    Fourth Element—Knowledge, Intent and Willfulness

51.    The Aiding and Abetting Allegations in the Complaint

52.    Aiding and Abetting Statute

53.    Aiding and Abetting Securities Fraud

54.    Second Element of Aiding and Abetting – Knowingly

55.    Third Element of Aiding and Abetting

56.    First Claim—17(a)

57.    Good Faith

58.    Good Faith Based Upon Reliance On Counsel

59.    Duty to Deliberate

60.    Communications Between Court and Jury During Jury's Deliberation

61.    Selection of Foreperson – General Verdict

## JURY INSTRUCTION No. 1

### Nature of the Case

The Plaintiff in this case is the Securities and Exchange Commission. It has filed a lawsuit seeking money penalties and public employment bars against three individuals, Mr. Garfield Taylor, Mr. Randolph Taylor and Mr. Benjamin Dalley, and against Reverb Enterprises, LLC, a so-called "relief defendant" which allegedly was controlled by Mr. Randolph Taylor and Mr. Benjamin Dalley.   At the time the earliest events giving rise to this lawsuit occurred, Mr. Garfield Taylor was operating a company called Garfield Taylor, Incorporated (GTI).   Mr. Randolph Taylor and Mr. Benjamin Dalley were not involved in any securities business allegedly conducted by GTI.  Beginning in about 2008, a new company was formed, named Gibraltar Asset Management Group, LLC (GAM).   All three individuals worked for GAM.  The SEC claims that "Garfield Taylor controlled and managed GAM almost single-handedly," but also claims that Defendants Randolph Taylor and Benjamin Dalley assisted Garfield Taylor.

The lawsuit alleges that Garfield Taylor violated securities laws by encouraging investors to lend money to GTI, and that after 2008, all three individuals encouraged investors  to lend money to GAM.   Instead of receiving the expected returns on their loans, the SEC alleges that the investors were defrauded.

**JURY INSTRUCTION No. 2**

**Notetaking Permitted[1]**

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

---

[1] 3 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 101.13 (5th ed. 2000).

**JURY INSTRUCTION No. 3**

**Juror Attentiveness[2]**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

**[IF TRUE:]** It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

---

[2] 4 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 71-1 (2006).

**JURY INSTRUCTION No. 4**

**Copy of Instructions**

You have copies of these instructions and you may use them while deliberating. If you have questions about the law or your duties as jurors, you should consult the written instructions provided to you.

Earlier in the trial, I allowed you to take notes, and I gave you earlier instructions. Those instructions still apply. But if anything in my earlier instructions or your notes conflicts with these instructions, these instructions govern.

## JURY INSTRUCTION No. 5

### Function of the Court[3]

The function of the judge is to conduct the trial of the case in an orderly, fair and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to the case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

---

[3] Civil Jury Instr. D.C. 1.01, Instr. 1-3 (2007).

## JURY INSTRUCTION No. 6

### Role of the Jury[4]

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the SEC has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

---

[4] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 71-3 (2006) (modified to reflect SEC as plaintiff).

You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## JURY INSTRUCTION No. 7

### Juror Oath[5]

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

---

[5] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 71-4 (2006).

**JURY INSTRUCTION No. 8**

**Significance of Party Designations[6]**

During the course of the trial, you [have heard] [will hear] references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendants does not mean that the plaintiff is entitled to your verdict or that its evidence is entitled to greater weight than the defendants' evidence.  The SEC must prove every element of its claims against each defendant by clear and convincing evidence before it is entitled to prevail against any defendant.

---

[6] Civil Jury Instr. D.C. 1.03, Instr. 1-3 (modified to reflect multiple defendants and different burden of proof).

## JURY INSTRUCTION No. 9

### Government Agency as a Party[7]

You are to perform the duty of finding the facts without bias or prejudice as to any party.

You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the defendants, who are accused of serious offenses. Equally, it is

important to the Securities and Exchange Commission, for the enforcement of laws is a matter of

concern to the community.

The fact that the plaintiff is the Securities and Exchange Commission entitles it to no

greater consideration than that accorded to any other party to a litigation. By that same token, it

is entitled to no less consideration.  All parties, whether government or individuals, regardless of

background, stand as equals at the bar of justice.

---

[7] 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-5 (2001) (Modified from "government" to "government agency" and "Securities and Exchange Commission;" modified from "prime concern" to "concern.

**JURY INSTRUCTION No. 10**

**Multiple Defendants**[8]

Although there are three individual defendants in this action, it does not follow from that fact alone that if one defendant violated securities law, all defendants violated securities law. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another defendant.  Unless otherwise stated, all instructions I give you govern the case as to each defendant.

---

[8] 3 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.14 (5th ed. 2000) (modified from "more than one defendant" to "three defendants," and from "liable to the plaintiff" to "violated securities law.")

## JURY INSTRUCTION No. 11

### Verdict as to Defendant Only[9]

You are here to determine whether the plaintiff has proven by clear and convincing evidence that the defendants have committed the alleged offenses. You are not called upon to return a verdict as to any other person or persons.

So, if the evidence in the case convinces you by clear and convincing evidence of the liability of any defendant for the offenses alleged in the Complaint, you should so find, even though you may believe that one or more other persons not on trial also committed the offense. But if you do not find by clear and convincing evidence that the defendants committed the violations alleged by the plaintiff, it is your duty to find those defendants did not commit the offenses.

---

[9] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.11 (5th ed. 2000) (modified by deleting "unindicted" from the phrase "even though you may believe that one or more other unindicted persons are also [liable];" further modified to reflect different burden of proof; further modified to clarify "liability" language).

## JURY INSTRUCTION No. 12

### Consider Each Claim Separately[10]

A separate offense is alleged in each claim of the Complaint. Each offense, and the evidence pertaining to it, should be considered separately by the Jury. The fact that you may find a defendant committed or did not commit one of the offenses claimed should not control your verdict as to any other offense claimed.

---

[10] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (5th ed. 2000) (modified for a civil case).

**JURY INSTRUCTION No. 13**

**Give Each Defendant Separate Consideration[11]**

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct and any other evidence in the case which may be applicable to him.

The fact that you may find one defendant violated federal securities law should not, in any way, affect your verdict regarding any other defendant.

---

[11] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.14 (5th ed. 2000) (modified for a civil case).

## JURY INSTRUCTION No. 14

### Publicity

There may be some newspaper or internet attention given to this case, or there may be some talk about it on the radio or television. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence.[12]  The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who were not present in Court to be seen and evaluated by the Jury like the other witnesses and were not examined or cross-examined by either of the parties under oath.[13]

So, when you leave here and go to your home and pick up the paper or turn on the radio or your computer or the television, if you see or hear something about the case you must immediately stop listening or watching.[14]   And, you of course must lay aside and completely disregard anything you may have read or heard about the case outside of this Courtroom because your verdict must be based solely and exclusively on the evidence presented here in Court in accordance with my instructions to you about the law you must apply to the evidence.[15]

I will also tell you to avoid listening to or watching any discussion of this case by the parties, witnesses or spectators and you must not discuss it with anyone else, including each other, until I tell you that is permissible.

---

[12] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 71-12 (2006) (modified to include internet and to instruct jurors not to listen to discussions by parties, witnesses or spectators).

[13] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 10.02 (5th ed. 2000) (modified to eliminate introductory sentence).

[14] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 71-12 (2006).

[15] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 10.02 (5th ed. 2000).

## JURY INSTRUCTION NO. 15

### Publicity – Reminder[16]

Let me remind you once again not to read about the case in the newspapers, watch any news concerning the case on television or listen to any radio accounts of the case or do any internet or other independent research.  Please be mindful of my admonition that you must limit the information you get about the case exclusively to what comes to you in the courtroom through the rules of evidence.

---

[16] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 71-13 (2006) (modified to include internet and other research; modified to insert "exclusively").

**JURY INSTRUCTION No. 16**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted[17]**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court, must be entirely disregarded. Anything you may have seen or heard outside the Courtroom is not proper evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted

---

[17] Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.03 (5th ed. 2000); see also, 1 L. Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Instr. 5-6 (Stipulation of Facts).

to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Inferences are simply deductions or conclusions which reason and common sense lead the Jury to draw from the evidence received in the case.

## JURY INSTRUCTION No. 17

### Jury To Disregard Court's View[18]

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing or sight.

---

[18] 4 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 71-5 (2006).

**JURY INSTRUCTION No. 18**

**Jury's Recollection Controls**[19]

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

---

[19] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (5th ed. 2000).

## JURY INSTRUCTION No. 19

### Conduct of Counsel[20]

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law were decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of the evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

[20] 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 2-8 (2000).

## JURY INSTRUCTION No. 20

### Counsel Cooperation[21]

You may have noticed throughout the trial that counsel for various defendants have consulted with each other, and have divided the work of the trial in an effort to facilitate their presentation, and to avoid duplication.  The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case, particularly whether or not the clients schemed with each other to commit fraud. The issue of each defendant's liability is personal and you must make a separate determination as to whether each defendant's liability has or has not been proven by clear and convincing evidence.  In making that judgment, you are to disregard entirely the fact that counsel for various defendants have worked together during the trial. Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.

---

[21] Adapted from 1 L. Sand, *et al*., <u>Modern Federal Jury Instructions</u>, Instr. 2-10 (2006) (modified for a civil case; modified to reflect different burdens of proof; modified to add "particularly whether or not the clients schemed with each other to commit fraud").

## JURY INSTRUCTION NO. 21

### Burden of Proof – Clear and Convincing Evidence[22]

The party with the burden of proof on all issues in this case is the SEC. It has the burden of proving all of the elements of all claims alleging fraud against Mr. Dalley by clear and convincing evidence. If you conclude that the SEC has failed to establish its claim by clear and convincing evidence, you must decide against it on the issue you are considering.

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is possible, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

---

[22] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 73-3 (2006); *see also Collins Securities Corp. v. SEC,* 562 F.2d 820, 824 (D.C. Cir. 1977) (accusation of civil fraud and threat of the loss of livelihood requires clear and convincing standard of proof); *SEC v. Moran*, 992 F.Supp. 867, 889 (S.D.N.Y. 1996) (the potential loss of livelihood is one of the "relatively few areas of law which impose upon plaintiff the burden of proving its case by clear and convincing evidence").  The injunction sought by the SEC will deprive Mr. Dalley of his livelihood.  While the SEC may contend that only a preponderance is required, citing, *Steadman v. SEC*, 450 U.S. 91 (1981), that decision arose under the APA and is inapposite.

## JURY INSTRUCTION No. 22

## What Is and Is Not Evidence[23]

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

---

[23] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 74-1 (2006).

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## JURY INSTRUCTION No. 23

### "Direct" and "Circumstantial" Evidence – Defined[24]

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

---

[24] 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (5th ed. 2000).

## JURY INSTRUCTION No. 24

### "Inference" Defined[25]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

[25] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-1 (2006).

## JURY INSTRUCTION No. 25

### Effect of Inference on Burden of Proof –
### Inference Against Defendant Does Not Shift Burden of Proof[26]

The mere existence of an inference against a defendant does not relieve the plaintiff of the burden of establishing its case by clear and convincing evidence. If the plaintiff is to obtain a verdict, you must still believe from the credible evidence that it has sustained the burden cast upon it. If the plaintiff has failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain its burden of proof and your verdict should be for the defendants.  And, if you should find the plaintiff's evidence with respect a defendant is not clear and convincing, your verdict should be for that defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by clear and convincing evidence, then the plaintiff has met its burden of proof.

---

[26] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-2 (2006) (modified to reflect standard of proof).

**JURY INSTRUCTION No. 26**

**Charts and Summaries (Admitted as Evidence)[27]**

The plaintiff and defendants have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

[27] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 74-11 (2006).

**JURY INSTRUCTION No. 27**

**Charts and Summaries (Not Admitted as Evidence)[28]**

Other charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

---

[28] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 74-12 (2006).

## JURY INSTRUCTION No. 28

### Number of Witnesses and Uncontradicted Testimony[29]

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses or introducing the most exhibits.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing on your own common sense and personal experience.

---

[29] 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 4-3 (2001) (modified to add "or introducing the most exhibits.")

## JURY INSTRUCTION NO. 29

### Uncalled Witness Not Equally Available[30]

You have heard evidence about a witness who has not been called to testify. Counsel for defendant has argued that this witness could have given material testimony in this case, and that the plaintiff was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the SEC, and that the SEC was in the best position to produce him, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the SEC.

In deciding whether to draw this inference, you should consider whether this witness' testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the plaintiff had a reason for not calling this witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

---

[30] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-3 (2006) (modified to reflect witness available to the SEC).

**JURY INSTRUCTION No. 30**

**Uncalled Witness Equally Available[31]**

If you find that a witness was either equally available or unavailable to both sides, you may infer that the testimony of the uncalled witness might have been unfavorable to the plaintiff or to the defendant or to both.  Alternatively, if the witness was unavailable to both the plaintiff and the defendant, you may simply disregard his possible testimony as a factor in this case.

You should, however, remember that there is no duty on either side to call a witness whose testimony would merely repeat or duplicate other evidence. Under the rules applicable to civil cases, no party may subpoena a witness to appear and testify in a case if the witness lives more than 100 miles away from the courthouse.[32]

Again, your decision to draw or not draw any inference should be based on all the facts and circumstances in the case.

---

[31] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-4 (2006).

[32] Fed. R. Civ. P. 45(b)(2)(B).

## JURY INSTRUCTION No. 31

### Party's Failure to Produce Evidence[33]

You have heard testimony about evidence which has not been produced. Counsel for plaintiff (or defendant) has argued that this evidence was in defendant's (or plaintiff's) control and would have proven facts material to the matter in controversy.

If you find that the plaintiff (or defendant) could have produced this evidence, and that the evidence was within its (or his) control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the plaintiff (or defendant).

In deciding whether to draw this inference you should consider whether the evidence not produced would merely have duplicated other evidence already before you.  You may also consider whether the plaintiff (or defendant) had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

---

[33] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-7 (2006) (modified to reflect "its" in reference to SEC, and to include plaintiff/defendant alternative throughout).

### JURY INSTRUCTION No. 32

### Inference From Witness's Assertion of Privilege[34]

You have heard a witness decline in this trial or previously declined to answer (certain) questions on the grounds of his Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the witness.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

---

[34] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 75-5 (2006) (modified to reflect witness not testifying).

## JURY INSTRUCTION No. 34

### Use of Interrogatories

Evidence will now be (or has been) presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions. You must give the answers the same consideration as if the answers were made from the witness stand.[35]

One cautionary word on this subject: while you may consider the interrogatory answers as evidence for or against the party who gave the answers, you may not consider the answers for or against any other party, nor may you consider the answers as evidence for or against the party who posed the interrogatory questions.  You may only consider the interrogatory answer as evidence for or against the party who gave the answer.[36]

---

[35] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 102.24 (5th ed. 2000).

[36] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 74-13 (2006) (modified to change "against" to "for or against").

**JURY INSTRUCTION NO. 35**

**Depositions[37]**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or any adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

---

[37] 4 L. Sand, *et al*., <u>Modern Federal Jury Instructions</u>, Instr. 74-14 (2006).

## JURY INSTRUCTION NO. 36

### Credibility of Witnesses – Generally[38]

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

a.      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

b.      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

c.      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

d.      Ask yourself how the witness acted while testifying. Did the witness appear honest?  Or did the witness appear to be lying?

e.      Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.

f.      Ask yourself if either side has shaped or influenced the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

g.      Ask yourself if the witness testified inconsistently while on the witness stand, or if

---

[38] 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 6-34 - 6-35 (2001).

the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

h.       And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.   Use your common sense and your everyday experience in dealing with other people.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the plaintiff has proven its claims by clear and convincing evidence.

**JURY INSTRUCTION No. 37**

**Bias**[39]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

---

[39] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 76-2 (2006).

## JURY INSTRUCTION No. 38

## Interest in Outcome[40]

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

---

[40] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 76-3 (2007).

## JURY INSTRUCTION No. 39

### Discrepancies in Testimony[41]

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

---

[41] 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 76-4 (2006).

## JURY INSTRUCTION No. 40

### Impeachment – Inconsistent Statement or Conduct[42]

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

[42] 3 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.04 (5th ed. 2000).

# JURY INSTRUCTION NO. 41

## The Statutes at Issue In the Complaint[43]

The statutory offenses at issue in the Complaint are set forth below:

    (a)      <u>SECURITIES FRAUD</u>

Section 10(b) of the Securities Exchange Act (Section 78j(b) of Title 15 of the United

States Code) provides, in pertinent part, that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> (b)      To use or employ, in connection with the purchase or sale of any security . . . any . . . deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe . . .

Rule 10b-5 of the Securities and Exchange Commission (17 C.F.R. Section 240.10b-5) provides

that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a)      To employ any device, scheme, or artifice to defraud,
> (b)      To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c)      To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

---

[43] 15 U.S.C. §§ 78m(a), 78m, 78ff(b)(2)(A) – (B), 78m(b)(5), 78m(a)-(b); 17 C.F.R. §§ 240.12b-20, 240.13a-13, 240.13b2-1, 240.13b2-2; 18 U.S.C. § 371.

## JURY INSTRUCTION NO. 42

### Knowingly and Willfully[44]

To be held liable for securities fraud, the defendants must have acted knowingly and willfully. I defined "knowingly" for you previously in Jury Instruction Number ___.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

---

[44] 3 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 57-24 (2006)

**JURY INSTRUCTION NO. 43**

**Second Claim – Essential Parts of Securities Fraud[45]**

In the Second Claim, plaintiff alleges that defendants Garfield Taylor and Benjamin Dalley violated Section 10(b) of the Exchange Act and Rule 10b-5.  To prove this, the plaintiff must prove by clear and convincing evidence the following four (4) essential elements:

<u>One:</u> That GAM knowingly and willfully either employed any device, scheme, or artifice to defraud; or made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person;

<u>Two</u>: That GAM did so in connection with the purchase or sale of GAM securities;

<u>Three</u>: In connection with this purchase or sale, GAM committed securities fraud knowingly and willfully made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange; and

<u>Four</u>: The person who committed securities fraud, here allegedly GAM, acted willfully.

---

[45] O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 62.07 (5th ed. 2000) (adding willfully to element four).

## JURY INSTRUCTION NO. 44

### First Element - "Device, Scheme, or Artifice to Defraud"[46]

With respect to the first part of securities fraud, the plaintiff may satisfy its burden of proof by demonstrating by clear and convincing evidence that some person, here GAM, knowingly and willfully employed a device, scheme, or artifice to defraud.

A "device" is an invention, a contrivance, or the result of some plan or design. A "scheme" is a design or a plan formed to accomplish some purpose. An "artifice" is an ingenious contrivance or plan of some kind.

There is nothing about the terms "device," "scheme," or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

---

[46] O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 62.13 (5th ed. 2000).

## JURY INSTRUCTION NO. 45

### First Element - "A Fraud or Deceit Upon Any Person"[47]

The phrase "A fraud or deceit upon any person" means, simply, a lie or a trick.

The plaintiff may meet its burden in showing "a fraud or deceit upon any person" if it proves by clear and convincing evidence that the fraud or deceit employed was of a kind which would cause reasonable investors to rely and that some purchasers or sellers did rely.

The "fraud or deceit" itself need not concern the quality of an investment or actually result in the purchase or sale of any securities. The individuals alleged to be involved in the fraud or deceit need not have sold or purchased securities themselves as long as the fraudulent or deceitful conduct occurred. The plaintiff is not required to prove that the "fraud or deceit" was successful.

The plaintiff is required to prove by clear and convincing evidence, however, that a "fraud or deceit upon any person" occurred in connection with the purchase or sale of a security.

---

[47] O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions,</u> § 62.10 (5th ed. 2000) (modified for a civil case).

**JURY INSTRUCTION NO. 46**

**First Element - Materiality[48]**

With respect to the first part of securities fraud, if you should decide that a particular statement or a particular omission was false or misleading at the time that it was made, then you must determine whether the fact stated or omitted was a material fact or a material omission under the evidence received in this case.

In order for you to find a material fact or a material omission, the plaintiff must prove by clear and convincing evidence that the fact misstated or the fact omitted was of such importance that it could reasonably be expected to cause or to induce a person to act or to cause or to induce a person not to act.

The securities fraud statutes are concerned only with material misstatements or material omissions and does not cover minor, or meaningless, or unimportant ones.

---

[48] O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u>, § 62.14 (5th ed. 2000) (modified to add last sentence).

## JURY INSTRUCTION NO. 47

**Second Element - "In Connection with the Purchase or Sale of Any Security"**

The second part of securities fraud is that the alleged fraudulent conduct occurred "in connection with the purchase or sale of any security." The plaintiff must prove, therefore, that there were purchases or sales of securities and that the "fraud or deceit" described earlier had some relationship to or was connected with these sales or purchases.

The plaintiff need not show, however, that the person alleged to have committed securities fraud, here allegedly GAM, or anyone associated with it, bought or sold the securities in question.[49]   Nonetheless, the plaintiff must show that the object of the alleged securities fraud by GAM was in connection with the purchase or sale of securities, that is, directed at materially affecting the purchase or sale of GAM securities by others.

For a misstatement or omission to be "in connection with" the purchase or sale of securities it must be communicated to the investing public. In other words, a private communication which is not publicly communicated to the investing public does not satisfy the requirement that the communication be "in connection with" the purchase or sale of securities, and therefore such nonpublic communications cannot be the basis for a finding of securities fraud.[50]

---

[49] O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 62.11 (5th ed. 2000).

[50] *Stoneridge Investment Partners LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761, 769-70 (2008) (where deceptive acts not communicated to public, no securities fraud); *Zoelsch v. Arthur Anderson*, 824 F.2d 27, 35 (D.C. Cir. 1982), *rev'd on other grounds*, 463 U.S. 646 (1983); *Lattanzio v. Deloitte & Touche Co.*, 476 F.3d 147, 151 (2d Cir. 2007) ("assurances not communicated to public" insufficient for securities fraud); *Wright v. Ernst & Young*, 152 F.3d 169, 176 (2d Cir. 1998); *Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 520 (5th Cir. 1992) (citing *Zoelsch*); *In re Towers Financial Corp. Noteholders Lit.*, 1995 WL 571888, at *27 (S.D.N.Y. Sept. 20, 1995) (citing *Zoelsch*).

**JURY INSTRUCTION No. 48**

**Third Element – "The Use of Any Means or Instrumentality of Interstate Commerce or of the Mails, or of Any National Securities Exchange"[51]**

With respect to the third part of securities fraud, the plaintiff must prove as an essential element of the offense that the person alleged to have committed securities fraud made "use of any means or instrumentality of interstate commerce or of the mails, or of any national securities exchange."

The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating… [to such trade or commerce] among the several states…"

This element of the offense alleged may be established if the plaintiff proves by clear and convincing evidence that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the plaintiff to prove that the person alleged to have committed securities fraud personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme.  It is sufficient for the plaintiff to prove that person set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

---

[51] O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, § 62.08 (5th ed. 2000) (modified introductory paragraph to include "person alleged to have committed" language on account of aiding and abetting claims).

## JURY INSTRUCTION NO. 49

### Fourth Element – Proximate Cause[52]

The fourth element that the plaintiff must establish by clear and convincing evidence is that the defendant's conduct was the proximate cause of the alleged harm to the plaintiff.

To prove an act or omission by a defendant proximately caused harm to the plaintiff, you must find by clear and convincing evidence that the act or omission played a substantial part in bringing about the harm. Moreover, it must be shown that the harm was either a direct result or a reasonably probable consequence of the act or failure to act.

---

[52] 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 5-12 (2006) (modified to address "harm" rather than "injury or damage"); *Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 31 (D.C. Cir. 1987) (in context of deciding jurisdictional question, court recognized that the fraudulent statements or misrepresentations [alleged in a 10b claim] must . . . cause the harm to those who claim to be defrauded").

## JURY INSTRUCTION NO. 50

### Fourth Element: Knowledge, Intent and Willfulness[53]

Plaintiff also must prove by clear and convincing evidence that the person alleged to have committed securities fraud, here allegedly GAM, participated in the offense knowingly, willfully and with intent to defraud.

I defined "knowingly" for you previously in Jury Instruction No. ??.  I defined "willfully" for you previously in Jury Instruction No. ??.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

Since an essential element of the offense is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a claim of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the plaintiff to prove fraudulent intent and consequent lack of good faith, as to the person alleged to have committed securities fraud, by clear and convincing evidence. I will instruct you further on good faith in a later instruction.

---

[53] 3 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 57-24 (2006) (modified to eliminate paragraphs regarding knowledge and good faith, which are addressed in other instructions).

## JURY INSTRUCTION NO. 51

### The Aiding and Abetting Allegations in the Complaint

In the Fourth Claim, plaintiff alleges that defendant Garfield Taylor aided and abetted violations of §10(b) of the Exchange Act, committed by his company, Garfield Taylor Incorporated (GTI).  Plaintiff also alleges that defendants Garfield Taylor, Benjamin Dalley and Randolph Taylor aided and abetted violations of §10(b) of the Exchange Act, committed by GAM. In order to sustain its burden of proof on the first element of aiding and abetting securities fraud, the plaintiff must prove that the alleged securities fraud occurred.

**JURY INSTRUCTION NO. 52**

**Aiding and Abetting Statute**

The statute addressing aiding and abetting, Section 78t(e) of Title 15 of the United States

Code (2001), provides that:

> For purposes of any action brought by the Commission under paragraph (1) or (3) of
> section 78u(d) of this title, any person that knowingly provides substantial assistance to
> another person in violation of a provision of this chapter, or of any rule or regulation
> issued under this chapter, shall be deemed to be in violation of such provision to the same
> extent as the person to whom such assistance is provided.

## JURY INSTRUCTION NO. 53

### Aiding and Abetting Securities Fraud[54]

To satisfy its burden of proving its aiding and abetting allegations in the Fourth Claim of the Complaint, the plaintiff must prove the following three (3) elements by clear and convincing evidence:

<u>First</u>, that the underlying offenses alleged within each claim were committed by some person;

<u>Second</u>, the defendant knowingly associated with each offense voluntarily and deliberately, rather than mistakenly or inadvertently; and

<u>Third</u>, the defendant sought by his action to make each offense successful by providing substantial assistance. Mere knowledge or presence at the scene of the offense is not enough. The defendant's participation must have been done with the intent to bring about the underlying offense.

To find that any defendant aided and abetted, it is not necessary for the plaintiff to show that that defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If a defendant directs another person or joins another person to perform acts with the intent to violate the law, then the law holds the defendant responsible for the acts and conduct of such other persons just as though that defendant had committed the acts or engaged in such

---

[54] Adapted from 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 11-2 (2005) (modified to add "substantial assistance"); adapted from 3 L. Sand, Modern Federal Jury Instructions, Instr. 57-4 (2006); *see also U.S. v. Wilson*, 160 F.3d 732 (D.C. Cir. 1998), *cert. denied*, 528 U.S. 828 (1999); *U.S. v. Gaviria*, 116 F.3d 1498 (D.C. Cir. 1997), *cert. denied*, 522 U.S. 1132 (1998).

conduct.

Before any defendant may be held liable for the acts of others, however, it is necessary that he deliberately associate himself in some way with the offense and participate in it with the intent to bring about the offense. To be liable for aiding and abetting, the defendant must have actual knowledge of the unlawful intent of the person who actually committed the offense and the lawlessness of that person's activities. A general suspicion that an unlawful act may occur or that something unlawful is happening is not enough. Mere presence at the scene of an offense and knowledge that an offense is being committed are not sufficient to establish that a defendant either directed or aided and abetted the offense unless you find by [the applicable standard of proof for each defendant] that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant liable for aiding and abetting an offense unless you find by clear and convincing evidence that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant knowingly, willfully, and voluntarily participated in its commission with the intent to violate the law.

## JURY INSTRUCTION NO. 54

### Second Element of Aiding and Abetting – Knowingly[55]

The second element of aiding and abetting is that the defendant knowingly associated himself in some way with the underlying offense, and that he participated in the offense by doing some act to effectively cause the offense to occur.

An act is done "knowingly" if it is done intentionally and voluntarily. That is, the defendant must have undertaken actions as his conscious objective rather than as a result of a mistake or accident or negligence or even extreme recklessness or some other innocent reason. To establish that defendant knowingly associated himself with the offense, the SEC must prove by clear and convincing evidence that the defendants knew some person intentionally was violating securities laws, and that they were aware or knew their role was part of an activity that was illegal.[56]  To establish any defendant participated in the commission of the offense, the SEC must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that offense.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who lacks knowledge that an offense is being committed or is about to be committed but inadvertently does something that aids in the commission of that offense is not an aider and abettor. An aider and abettor must know that the offense is being committed and act in a way which is intended to

---

[55] 1 L. Sand, *et al.*, Modern Federal Jury Instructions, Instr. 11-2 (2005) (modified to add effectively cause the offense to occur"); *Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 36 (D.C.Cir. 1987)).

[56] *SEC v. Johnson,* 530 *F.Supp.2d 325(D.D.C. 2008); In re Carter*, 47 S.E.C. 471 at *80 (Feb. 28, 1981).

bring about the success of the offense.

## JURY INSTRUCTION NO. 55

## Third Element of Aiding and Abetting[57]

The third element of aiding and abetting which the plaintiff must prove by [the applicable standard of proof for each defendant] is: the defendant sought to make the alleged underlying offense successful by providing substantial assistance.

For the conduct to constitute "substantial assistance," the underlying offense must be a direct or reasonably foreseeable result of the aider and abettor's conduct.  In other words, it is necessary that the defendant in some sort associate himself with the venture, participate in it as something he wishes to bring about, and seek by his action to make it succeed.

As I have instructed you, mere knowledge of, or presence at the scene of, the offense is not enough. The defendant's participation must have been done with the intent to bring about the underlying offense.

To determine whether a defendant aided or abetted the commission of the offense alleged, ask yourself these questions:

Did he participate in the offense as something he wished to bring about? Did he knowingly associate himself with the offense?

Did he seek by his actions to make the offense succeed?

If he did, then the defendant is an aider and abettor, and therefore liable for the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not liable.

---

[57] Adapted from 1 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instr. 11-2 (2005) (modified to add "substantial assistance" and its definition); *SEC v. Johnson*, 2008 WL 142871 at *8 (D.D.C. January 16, 2008) (citing *Fraternity Fund Ltd. V. Beacon Hill Asset Mgmt., LLC*, 479 F.Supp.2d 349, 371 (S.D.N.Y. 2007); *Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 36 (D.C.Cir. 1987)).

## JURY INSTRUCTION NO. 56

### First Claim--Section 17(a) Claim[58]

In its First Claim, the SEC claims that GTI, GAM, Garfield Taylor, Benjamin Dalley and Randolph Taylor violated Section 17(a) of the Securities Act. Section 17(a) of the Securities Act generally prohibits fraud in the offer or sale of securities.[59]

In order for you to find a violation of Section 17(a), the SEC must prove by a preponderance of the evidence that, in the offer or sale of Primary Fund shares, GTI, GAM, Garfield Taylor, Benjamin Dalley and Randolph Taylor, directly or indirectly:

(1)    employed any device, scheme, or artifice to defraud; or

(2)    obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3)    engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

For purposes of its Section 17(a) claim, the SEC is relying on the same alleged acts that I read to you in discussing the SEC's Section 10(b) and Rule 10b-5 claims.

The elements of a Section 17(a) violation are substantially the same as those under Section 10(b) and Rule 10b-5. As I instructed you in connection with the Section 10(b) and Rule 10b-5 claims, in order to prove that GTI, GAM, Garfield Taylor, Benjamin Dalley and Randolph Taylor engaged in a device, scheme, or artifice to defraud under Section 17(a)(1), or engaged in

---

[58] Based on charge in *SEC v. Reserve Mgt. Co., Inc.*, 09 Civ. 4346 (PGG), (S.D.N.Y. November 8, 2012), Dkt. No. 570.

[59] See, *SEC v. Tzolov*, No. 08 Civ. 7699(SAS), 2011 WL 308274, at *2 (S.D.N.Y., Jan. 26, 2011) ("'Section 17(a) of the Securities Act is a general prohibition against fraud in the offer or sale of securities, using the mails or the instruments of interstate commerce.'") (quoting *SEC v. McCaskey*, No. 98 Civ. 6153, 2001 WL 1029053, at *4 (S.D.N.Y. Sept. 6, 2001)).

a course of business that operated or would operate as a fraud under Section 17(a)(3), the SEC must prove, by clear and convincing evidence, that the defendant engaged in deceptive conduct that went beyond the use of material misrepresentations or material omissions.  As I instructed you in connection with the Section 10(b) and Rule 10b-5 claims, misrepresentations or omissions can form part of a fraudulent scheme or fraudulent course of business, but they are not sufficient, standing alone, to establish a device, scheme, or artifice to defraud, or a course of business that operated, or would operate, as a fraud.[60]

While the elements of a Section 17(a) violation are substantially similar to those under Section 10(b) and Rule 10b-5, there are several important differences that I will now explain.[61]

First, while the SEC must establish scienter to prove a violation of subsection (1) of Section 17(a) – that is, the SEC must prove that the defendant you are considering acted knowingly with intent to defraud or with reckless disregard for the truth – to prove a violation of subsections (2) and (3) of Section 17(a), the SEC need only prove that a defendant acted with "negligence." This means that even if you find that a defendant did not violate Section 10(b), Rule 10b-5, or Section 17(a)(1) – because that defendant did not act with scienter – you may nonetheless find that defendant liable under Sections 17(a)(2) and (3) if that defendant acted negligently.

"Negligence" is the failure to use reasonable care, which is the degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances, or in

---

[60] Based on charge in *SEC v. Stoker*, 11-cv-7388 (JSR) (S.D.N.Y. July 31, 2012), Dkt. No. 89, at 15.

[61] See Jury Charge in  *SEC  v. O'Meally*, No. 06-cv-06483-LTS-RLE (S.D.N.Y. 2012), Dkt. 187 at 2438 ("The elements of a violation of Section 17(a) of the Securities Act are similar to those under Section 10(b) of the Exchange Act, with a couple of significant differences that I will now explain to you.").

failing to do something that a reasonably careful person would do under like circumstances.

You should be aware that where a claim only requires that the defendant acted "negligently," you may still find that the defendant violated the law if you find that the defendant acted knowingly or recklessly.  Negligence is simply the minimum that you must find.

The second difference between Section 10(b) and Section 17(a) is that, while Section 10(b) applies to conduct "in connection with" the purchase of securities, Section 17(a) only applies to conduct in the "offer or sale" of securities. This means that to establish a violation of Section 17(a), the SEC must prove by a preponderance of the evidence that the conduct of the defendant you are considering was committed during the "offer or sale" of securities.

The phrase "offer or sale" is construed broadly,[62] and proof of completed sales is not required for the SEC to prevail on a Section 17(a) claim.[63]   The term "sale" means "every contract of sale or disposition of a security or interest in a security for value."[64]  "Disposition" means a "final settlement or determination" of a matter.[65]  "For value" means "for money or something else valuable." The term "offer" means "every attempt or offer to dispose of a security or interest in a security, for value."[66]

The final difference between Section 10(b) and Section 17(a) is that – to prove a violation

---

[62] See United States v. Naftalin, 441 U.S. 768, 773 (1979); See 15 U.S.C. § 77b ("The term 'sale' . . . shall include every contract of sale or disposition of a security or interest in a security, for value. The term . . . 'offer' shall include every attempt or offer to dispose of . . . a security or interest in a security, for value.").

[63] See SEC v. Tambone, 550 F.3d 106, 112 (1st Cir. 2008) ("[B]ecause section 17(a) applies to both sales and offers to sell securities, the SEC need not base its claim of liability on any completed transaction at all."); SEC. v. Goldman Sachs & Co., 790 F.Supp.2d 147, 164 (S.D.N.Y. 2011) (holding "actual sales [are] not essential" for a Section 17(a) claim) (citing SEC v. Am. Commodity Exch., Inc., 546 F.2d 1361, 1366 (10th Cir. 1976)).

[64] Naftalin, 441 U.S. at 773.

[65] Black's Law Dictionary (9th ed. 2009).

[66] 15 U.S.C. § 77b(a)(3).

of Section 17(a)(2) – the SEC must establish that the defendant you are considering obtained money or property by means of the misstatement or omission. In order to demonstrate that a defendant obtained money or property "by means of" one or more materially misleading statements or omissions, the SEC need not prove that that defendant, himself or itself, made the statements or omissions, but only that he or it used the statements or omissions to obtain money or property. In the context of this case, the SEC must prove by clear and convincing evidence that each of the defendants knowingly, recklessly, or negligently used a material misrepresentation or material omission to obtain money or property, directly or indirectly.

## JURY INSTRUCTION NO. 57

### Good Faith[67]

A defendant's good faith is a complete defense to all of the charges against that defendant because a defendant's good faith is absolutely inconsistent with a fraudulent intent.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes in this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of unlawful conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The law is written to subject to civil liability only those persons who knowingly and willfully commit fraud or conspire to do so.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the plaintiff has proven that defendant Randolph Taylor or Benjamin Dalley acted with an intent to defraud or whether any defendant acted in good faith, you must consider all of the evidence received in the case bearing on each defendant's state of mind.

The burden of proving good faith does not rest with any defendant because no defendant has an obligation to prove anything in this case. It is the plaintiff's burden to prove to you, by

---

[67] Adapted from 1A O'Malley, *et al.*, Federal Jury Practice and Instructions, § 19.06 (2000) (modified for a civil case); 2B O'Malley, *et al.*, Federal Jury Practice and Instructions, § 62.15 (2000).

clear and convincing evidence, that the defendants acted with the intent to defraud.

     If you cannot find by clear and convincing evidence that any defendant acted with an intent to defraud, you must find that defendant not liable.

## JURY INSTRUCTION NO. 58

### Good Faith Based Upon Reliance On Counsel[68]

I have just instructed you that a defendant's good faith is a complete defense to all of the charges against that defendant because a defendant's good faith is absolutely inconsistent with a fraudulent intent.

In deciding whether a particular defendant acted in good faith, you should consider any evidence showing that the particular defendant relied upon the advice or the approval of lawyers or accountants who were involved in evaluating whether the transaction at issue, in this case the GAM transactions, were appropriate or legal. In areas of specialized knowledge and experience, a person may rely upon the advice and counsel of an expert, such as a lawyer or an accountant, as to whether a particular course of action is appropriate and legal. To the extent you determine that any defendant reasonably relied in good faith upon the advice of counsel or accountants involved in the matter at hand—you may find that he acted in good faith, even if that advice turned out to be inaccurate, incorrect, or wrong.

---

[68] *Howard v. S.E.C.*, 376 F.3d 1136, 1146-1148 (D.C. Cir. 2004) ("reliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating the defendant's scienter.")

## JURY INSTRUCTION NO. 59

### Duty to Deliberate[69]

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

---

[69] Civil Jury Instr. D.C. § 1.04, Instr. 1-4 (2007).

## JURY INSTRUCTION NO. 60

**Communications Between Court and Jury During Jury's Deliberation[70]**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

---

[70] O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 106.08 (5th ed. 2000).

## JURY INSTRUCTION NO. 61

### Selection of Foreperson – General Verdict[71]

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience. [*Read forms of verdict*].

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

---

[71] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.04 (5th ed. 2000) (modified for a civil case).